10-5013-ag
Wu v. Holder

BIA
Mulligan, IJ
A094 939 275

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

PING WU,
> *Petitioner,*

> v.                                         10-5013-ag
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Daniel E. Goldman, Senior
                         Litigation Counsel; Jem C. Sponzo,
                         Trial Attorney, Office of
                         Immigration Litigation, U.S.
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ping Wu, a native and citizen of the People's Republic of China, seeks review of the November 30, 2010, order of the BIA affirming the August 31, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ping Wu*, No. A094 939 275 (B.I.A. Nov. 30, 2010), *aff'g* No. A094 939 275 (Immig. Ct. N.Y. City Aug. 31, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). "When

2

evaluating credibility determinations for substantial evidence, we afford particular deference to the IJ," and "[w]here the IJ's adverse credibility finding is based on specific examples of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 165-66 (internal quotation marks and ellipsis omitted); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency's adverse credibility determination is based on substantial evidence, given the inconsistencies in Wu's testimony, his credible-fear interview, and the testimony of his witness, and in light of the IJ's demeanor finding. As the agency found, while Wu testified that he suffered two incidents of harm in China – an arrest and beating in 2002 and an attempted arrest in 2006 – he failed to mention the 2002 incident during his credible-fear interview. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that an adverse credibility determination may be based on "the consistency between the applicant's or witness's written and oral statements . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the hear of the applicant's claim.").

3

The agency was not compelled to accept Wu's explanation that he had failed to mention the 2002 arrest because he had not been asked about harm he suffered due to his support of Falun Gong and because he had not considered arrest by a village committee to constitute an arrest. In addition to being asked questions about arrest, Wu was asked whether he had any *other* reason to fear being returned to China. Accordingly, the agency did not need to credit his explanations for his inconsistent statements; they were not explanations that would compel a reasonable factfinder to accept them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ's adverse credibility determination is further supported by an inconsistency, albeit a minor one, between Wu's and his witnesses's testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ's demeanor finding also provides additional support for the adverse credibility determination, as the IJ found that on several occasions, supported by the record, Wu paused before responding to questions and appeared to be testifying from a script rather than actual experience. *See Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007) (providing that this Court grants "particular deference" in applying the substantial evidence

4

standard to credibility findings based on demeanor).

After concluding that the IJ "had cogent reasons for distrusting the veracity of [Wu's] claim of past persecution," the BIA noted that "[a]t a minimum, the [IJ] was justified in mandating [Wu's] presentation of additional corroboration for the specific facts of his claim." The BIA's finding was reasonable, as an asylum applicant's failure to corroborate his testimony may bear on his credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Contrary to Wu's argument, the agency does not first need to identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant, before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Moreover, the agency did not err in declining to give significant weight to the statements Wu provided from his family and friends. *See id*. at 342 (the weight afforded to an applicant's evidence in immigration proceedings lies

largely within the discretion of the agency).

Given Wu's inconsistencies, demeanor, and lack of corroboration, substantial evidence supports the agency's adverse credibility determination. Accordingly, the agency did not err in denying Wu's applications for asylum, withholding of removal, and CAT relief, as those claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

The agency also reasonably found that Wu did not demonstrate eligibility for relief based on his testimony and photographs of his practice of Falun Gong and participation in a demonstration in the United States because Wu did not present any evidence indicating that the Chinese government was aware or likely to become aware of those activities. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear of future persecution is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that to show an objectively reasonable fear of future persecution, an applicant must establish that he would be singled out for persecution or that there was a

6

pattern or practice of persecution of similarly-situated individuals).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7